**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JOSE LUIS MATA,**

       **Petitioner,**

**v.**                  **Civil Action No.: 3:21-CV-60
(GROH)**

**R. WOLFE,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On April 22, 2021, Petitioner, an inmate at Gilmer FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") challenging the calculation of his sentence.   ECF No. 1.[1]  On June 8, 2021, Petitioner paid the filing fee. ECF No. 10.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:21-CV-60 unless otherwise noted.

## II.    FACTUAL AND PROCEDURAL HISTORY

### A.    Conviction and Sentence in the Eastern District of New York[2]

On July 24, 2007, an indictment was returned in case number 1:07-CR-597 in the Eastern District of New York.  ECF No. 7.  The indictment charged Petitioner with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, for conduct that occurred in May 2007 and June 2007.  ECF Nos. 1, 7.  Petitioner entered a guilty plea to the indictment on November 30, 2007.  ECF No. 23.  On April 29, 2008[3], the Petitioner was sentenced to 60 months of imprisonment.  ECF No. 33.

### B.    Conviction and Sentence in the Southern District of New York[4]

On June 13, 2012, a superseding information was filed in case number 1:11-CR-435 in the Southern District of New York, for conduct that occurred on or about December 29, 2003.  ECF No. 30.  The superseding information charged Petitioner: (1) in Count 1 with conspiracy to commit Hobbs Act robbery[5], in violation of 18 U.S.C. § 1951; and (2) in Count 2 with being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(g)(1).  Id.  Petitioner entered a guilty plea to the superseding information on June 13, 2012.  ECF No. 67 at 4:14 – 19.

---

[2]  Throughout section II.A., all ECF numbers refer to entries in the docket of Criminal Action No. 1:07-CR-597 in the Eastern District of New York.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3]  Although sentence was imposed on April 29, 2008, the judgment was not entered by the Court until April 30, 2008, or filed by the Clerk until May 7, 2008.  ECF No. 33.

[4]  Throughout section II.B., all ECF numbers refer to entries in the docket of Criminal Action No. 1:11-CR-435 in the Southern District of New York.

[5]  The information charged that "during and in furtherance of this Hobbs Act robbery conspiracy, MATA shot and killed Jose Peralta in New York, New York."  ECF No. 30 at 1.

On March 28, 2014[6], the Petitioner was sentenced to an aggregate sentence of 360 months, comprised of 240 months for Count 1 and 120 months for Count 2, with those sentences to be served consecutively to one another.  ECF No. 65.

### C.   Instant Petition for Habeas Corpus Under § 2241

On April 22, 2021, the Petitioner filed the Court-approved form for a petition for habeas corpus under 28 U.S.C. § 2241 in this Court.  ECF No. 1.  Petitioner indicated that his petition concerned jail or prison conditions, however, a review of the single claim of the petition shows that Petitioner is actually challenging the calculation of his sentence. Id. at 5.  Petitioner claims that he was "refused credit for time in continued custody due to [the] same course of conduct."  Id.  Petitioner asserts that "the investigation [in Southern District of New York] issued before and during [his] incarceration and did not cease till 11-CR-435."  Id.

Petitioner asks this Court to order that his sentence in 1:11-CR-435 be properly calculated and credit him with his time spent in custody for 1:07-CR-597, starting on June 26, 2007.  ECF Nos. 1 at 8; 1-1 at 1, 5.  Petitioner asserts that he is entitled to credit toward 1:11-CR-435 because the crimes charged in 1:11-CR-435 were committed before the crimes for which he was incarcerated in 1:07-CR-597.  ECF No. 1-1 at 2, 4.

On July 23, 2021, Respondent filed a motion to dismiss, or in the alternative for summary judgment, along with a memorandum of law and exhibits.  ECF Nos. 15, 15-1. Therein, Respondent argues that Petitioner is not entitled to double credit for time spent in custody prior to imposition of his sentence in 1:11-CR-435, on March 28, 2014.  ECF No. 15.  Respondent provided the Court with a timeline of Petitioner's incarceration for

---

[6] Although sentence was imposed on March 28, 2014, the judgment was not entered by the Court until April 2, 2014, or filed by the Clerk until April 3, 2014.  ECF No. 65.

3

various offenses in both state and federal court.  Respondent was in state custody from March 16, 2004 through April 29, 2005, and has continuously been in federal custody from June 26, 2007.

On March 16, 2004, Petitioner was arrested in Teaneck, New Jersey, for criminal trespass and unlawful possession of a weapon, in case number W605545,[7] and for a parole violation in New York, case number 7188152R.  ECF No. 15-1 at 2, 8.  Petitioner was released by New Jersey authorities to New York Parole and Probation on April 6, 2004.  Id. at 3.  On June 14, 2004, the New York Parole Board revoked Petitioner's parole and returned him to the New York Department of Corrections, where he was granted credit toward his state sentence, starting on the date he entered New York custody on April 6, 2004.  Id. at 3, 12.  Petitioner was released from New York state custody on April 29, 2005.  Id.

On June 26, 2007, Petitioner was arrested by federal authorities related to the indictment later returned in case number 1:07-CR-597 in the Eastern District of New York. Id.  at 3, 16.  Petitioner received a 60-month sentence in 1:07-CR-597, which was imposed on April 29, 2008.  Id. at 3, 24.  Petitioner satisfied that sentence on November 2, 2011, and was released to the USMS for the pending charges in the Southern District of New York in 1:11-CR-435.  Id. at 3, 35 – 36.

Petitioner's 360-month sentence imposed in the Southern District of New York in 1:11-CR-435 commenced on March 28, 2014, the date the sentence was imposed.  Id. at 3, 38.  Petitioner received 897 days of prior credit toward the 360-month sentence for

---

[7]  The Teaneck, New Jersey municipal charges were dismissed on April 27, 2004.  ECF No. 15-1 at 3.

4

the following time periods: (1) from March 16, 2004 through April 5, 2004, when he was in the custody of New Jersey state authorities; and (2) from November 3, 2011, through March 27, 2014, when he was in the custody of the United States Marshals Service prior to imposition of sentence in 1:11-CR-435.  Id. at 3 – 4, 47.

Respondent further argues that time which Petitioner spent in custody from April 6, 2004 through June 13, 2004, was credited against a New York state parole violation. ECF Nos. 15 at 3, 7.  Respondent addressed Petitioner's argument that his two federal offenses were related by citing to the sentencing court in the Southern District of New York, which found, "I am not persuaded by [defense counsel's] observation and recommendation that the Court take into consideration the defendant's other offenses in the Eastern District of New York. The Court finds that those offenses are not sufficiently related to the offenses for which Mr. Mata has been convicted here."  ECF Nos. 15 at 8, 15-1 at 63; S.D.N.Y. 1:11-CR-435, ECF No. 67 at 15:6 – 12.

Petitioner filed a response on August 23, 2021, wherein he argues that he is entitled to relief and that "awarding credit in this matter fails to demonstrate 'double' counting or credit."  ECF No. 16 at 2.

The Court issued an Order and Roseboro notice on August 24, 2021, which noted that Petitioner had already filed a response to Respondent's motion to dismiss or for summary judgment.  ECF No. 17 at 4.  On September 16, 2021, Petitioner filed a pleading asserting that he had already filed a response to the motion to dismiss or for summary judgment.  ECF No. 19.

### III.     LEGAL STANDARD

#### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing

---

[8]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

> of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### D.    Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.   The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

7

(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." Id. at 679.  Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E.     Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a

genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit

<u>Ins. Corp.</u>, 906 F.2d 972, 974 (4th Cir. 1990).  Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. <u>Matsushita</u>, <u>supra</u>, at 587-88. <u>Anderson</u>, <u>supra</u>, at 248-49.

## IV.    ANALYSIS

The United States Supreme Court has long recognized that 18 U.S.C. § 3585(b) does not authorize a district court to compute a defendant's jail credit at sentencing. <u>United States v. Wilson</u>, 503 U.S. 329, 334 (1992).  Rather, it is the United States Attorney General, acting through the BOP, who is responsible for computing an inmate's term of confinement.   This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing.  <u>Id.</u> at 333.  In making this computation, the BOP must adhere to 18 U.S.C. § 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the defendant was arrested; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

11

that has not been credited against another sentence.

In <u>Wilson</u>, the Supreme Court expressly rejected Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing, reasoning that:

> Section 3585 indicates that a defendant may receive credit against a sentence that "*was imposed.*" It also specifies that the amount of the credit depends on the time that the defendant "*has spent*" in official detention "prior to the date the sentence commences." Congress' use of a verb tense is significant in construing statutes. By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing.

503 U.S. at 333 (emphasis in original, internal citations omitted). <u>Wilson</u> also recognized that, "Congress made clear that a defendant could not receive a double credit for his detention time." <u>Id.</u> at 337.

In the instant case, the Petitioner seeks credit for the time he spent in state custody in New Jersey and New York, and for federal custody for another offense committed in the Eastern District of New York, all of which was served before he was released to commence his federal sentence imposed in the Southern District of New York. Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence, and that BOP should have given him additional credit toward his federal sentence in the Southern District of New York.

Attached to Respondent's motion to dismiss or for summary judgment is a declaration and associated exhibits provided by a Bureau of Prisons Management Analyst, Michelle Hassler, who is employed at the Designation and Sentence Computation Center (DSCC). ECF No. 15-1 at 2 – 4. Ms. Hassler provided a chronology of Petitioner's arrests, imposed sentences, time served, and time credited toward various

sentences.  Id.  Further, Respondent provided documentation which confirms Ms. Hassler's declaration.  Id. at 5 – 65.

Petitioner's service of his state sentence in New York, following the revocation of his parole in that jurisdiction, preceded the imposition of sentence in 1:11-CR-435 in the Southern District of New York.  Further, Petitioner's service of his federal sentence in the Eastern District of New was completed prior to imposition of his federal sentence in the Southern District.  Petitioner is prohibited from receiving credit toward two sentences simultaneously.  Consistent with 18 U.S.C. § 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."

Petitioner's federal sentence in 1:11-CR-435 was imposed on March 28, 2014.  It is impossible for Petitioner to receive credit toward his federal sentence before that sentence was imposed for any time that he was receiving credit toward other sentences.  Consistent with § 3585, Petitioner was not eligible to obtain credit for all time served prior to imposition of his federal sentence, because he was already receiving credit for some of that time toward his state parole revocation and his federal sentence imposed in the Eastern District of New York.  However, Petitioner was credited with all time served in state and federal custody which was not credit toward either his state parole revocation or his prior federal sentence.

Although Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence imposed in the Southern District of New York, and refuses to grant him credit for time served in custody for another federal offense, it is clear from 18 U.S.C. §§ 3585,

13

3621 and 3632, and the holding of <u>Wilson</u>, that neither the warden nor the Court calculate sentences for federal inmates.  That task is the exclusive responsibility of the Bureau of Prisons, and it is clear from <u>Wilson</u> and other holdings that this Court may not usurp the Bureau of Prisons' authority.  Additionally, the Bureau of Prisons did grant Petitioner 897 days of credit for time served in New Jersey custody and United States Marshals Service custody, which was not credited toward any other sentence.  Thus, Petitioner has received all custody credit to which he was entitled, and his request for relief is without merit.

## V.  RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.  It is further **RECOMMENDED** that Respondent's motion to dismiss or for summary judgment [ECF No. 15] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

14

**Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:        November 12, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE